**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DIETER DANIEL,

        Petitioner,

v.                                                                       Case Number: 07-14941

RAYMOND BOOKER,

        Respondent.
                                     /

**OPINION AND ORDER DENYING RESPONDENT'S MOTION, STAYING
PETITIONER'S PETITION FOR HABEAS CORPUS AND ADMINISTRATIVELY
CLOSING CASE**

Petitioner Dieter Daniel filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, who is a state inmate currently incarcerated at the Mound Correctional Facility in Detroit, Michigan, challenges his conviction for committing or attempting to commit a crime or a threat to kill or injure a testifying witness. Mich. Comp. Laws § 750.122(7)(c) (2001). For the reasons stated below, the court will deny Respondent's motion to dismiss, stay the petition and administratively close the case.

**I. BACKGROUND**

Petitioner pleaded guilty to the above-listed offense on November 1, 2005. (Pet.'s Mot. at 1.) He was sentenced on January 19, 2006, receiving a sentence of nineteen months to twenty-two and one-half years imprisonment. (*Id.*) Petitioner requested, and was granted, appellate counsel on March 17, 2006. (*Id.*) Petitioner claims his appointed counsel told him an appeal was "a waste of time" (*Id.* at 2), and promptly filed both a motion to withdraw and a motion to end the appeal proceedings.

(*Id.*) Petitioner did not file anything further in state court, and filed the present petition on November 19, 2007, claiming[1]:

I. He was denied due process through the ineffective assistance of counsel when an interpreter was not provided during his judicial proceedings.

II. His guilty plea was compelled, in violation of his Fifth Amendment right.

III. The trial court's and the Michigan Department of Corrections' actions resulted in Petitioner receiving the ineffective assistance of counsel.

IV. The trial court erred in enhancing Petitioner's sentence in light of *Halbert v. Michigan*, 545 U.S. 605 (2005)

(Pet.'s Mot. at iv.) Respondent filed a "Motion and Brief in Support to Dismiss for Failure to Exhaust State Remedies" on June 4, 2008.

## II. DISCUSSION

Petitioner seeks to raise four claims for habeas relief that were never presented in state court. State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion doctrine requires prisoners to "invok[e] one complete round of the State's established appellate review process," including a petition for discretionary review in the state's supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 847 (1999).

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided (1) there was good cause for the petitioner's failure to exhaust state remedies for his claims

---

[1] The court has summarized Petitioner's claims for clarity and conciseness here.

first in state court, (2) the unexhausted claims are not plainly meritless, and (3) the petitioner is not engaged in abusive litigation tactics or intentional delay. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Petitioner's current claims are not plainly meritless, and he does not appear to be engaged in abusive litigation tactics or intentional delay. Further, Petitioner argues that his unexhausted claims were not presented in state court because his attorney incorrectly informed him any appeal was "a waste of time." (Pet.'s Mot. at 1-2.) The court is satisfied that Petitioner has asserted good cause for failing previously to present these claims in state court. The court therefore finds that it is not an abuse of discretion to hold this case in abeyance and will stay further proceedings in this matter pending Petitioner's exhaustion of his claims in state court. Because the court now stays further proceedings, Respondent's motion to dismiss the petition is premature and will be denied without prejudice.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this order. *Id.* Further, he must ask the court to lift the stay and file an amended petition within sixty days of exhausting his state court remedies.

*Id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

### III. CONCLUSION

Accordingly, IT IS ORDERED that Petitioner's "Motion for Writ of Habeas Corpus" [Dkt. # 1] is STAYED. If Petitioner fails to file a motion for relief from judgment with the state trial court within **sixty days** from the date of this order, the court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a motion to lift the stay and an amended petition in this court within **sixty days** after the conclusion of the state court proceedings. If Petitioner files an amended petition, Respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **sixty days** thereafter.

IT IS FURTHER ORDERED that Respondent's "Motion and Brief in Support to Dismiss for Failure to Exhaust State Remedies" is DENIED without prejudice.

Finally, IT IS ORDERED that the Clerk of Court close this case for administrative purposes.

                                                s/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: October 27, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 27, 2008, by electronic and/or ordinary mail.

                                                s/Lisa Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522